## Slavitsky v. Glen Alden Coal Company et al.

Before Aponick, Flannery and Pinola, JJ.

*Thomas L. Kennedy, Jr.,* for claimant.

*J. H. Oliver, Franklin B. Gelder,* and *G. S. Mc-Clintock,* for Glen Alden Coal Company.

*Andrew J. Zawoiski,* assistant counsel, for Commonwealth of Pennsylvania.

PINOLA, J., November 27, 1951.—We have for consideration the appeals of defendant and the Commonwealth of Pennsylvania from a decision of the Workmen's Compensation Board, in which an award was made under the Pennsylvania Occupational Disease Act.

An award by the referee was affirmed by the board. Defendants took an appeal to this court, and thereafter the Governor of Pennsylvania appointed the first medical board.

At argument defendants abandoned the exceptions filed and confined themselves to two propositions: (1) That the medical board having been appointed before this appeal was heard, the court is duty bound to send the case back to the board for transmission to the medical board, and (2) that claimant having received unemployment compensation for a period of 20 weeks, part of which overlapped the period of the award, we must amend the award in accordance with the provisions of section 204 of the Act of May 14, 1949, P. L. 1379, 77 PS §1304.

## Discussion

Claimant filed his petition November 22, 1948, averring he became totally disabled November 5, 1948, and that notice was given defendant November 18, 1948. After answer filed, the claim was heard before the referee on January 28, 1949, at which time claimant testified to the fact of his disability.

Dr. J. F. Giering and Dr..H. P. O'Connell both testified on claimant's behalf . Dr. W. J. Corcoran and Dr. W. T. Davis testified for defendant. Thereafter the referee appointed as impartial, Dr. Burgess Gordon.

Upon appeal, the Workmen's Compensation Board affirmed the findings, conclusions of law and the award in an opinion filed April 5, 1950.

On April 19, 1950, defendants appealed to this court.

Defendants contend that the cause should be remanded to the Workmen's Compensation Board for referral to the medical board, as provided under the provisions of section 420 of the Act of June 21, 1939, P. L. 566, 77 PS §1520.

That section provides:

"(a) Whenever an appeal is taken from the decision of the referee to the board . . . and the exceptions require a review of the referee's findings on medical

questions, the board shall refer the case to the medical board for the determination of the medical facts."

Though provision had been made for the appointment of a medical board in the Occupational Disease Act of 1939, sec. 402, as amended, 77 PS §1502, no medical board was ever constituted by the Governor until May 11, 1950, which is more than a month after the rendition by the Workmen's Compensation Board of its decision.

We regret that we cannot agree with counsel for appellants.

In Plaugher v. American Viscose Corporation, 147 Pa. Superior Ct. 372, upon an appeal from a decision of the board, the lower court, without passing on the legal questions before it, remitted the case to the Workmen's Compensation Board with directions to submit the medical questions raised by defendant's exceptions to the medical board provided for in section 402 of the Act of June 21, 1939, P. L. 566, for determination in accordance with provisions of section 420 of that act. Keller, P. J., determining that sections 402 and 420 are procedural and affect claimant's right only insofar as the procedure is made effective by the action of the officers and persons called upon to take the necessary steps set forth, said (p. 380) :

". . . until a medical board is appointed, pursuant to the directions of section 402, there is none, and the courts cannot direct the Workmen's Compensation Board to refer medical questions of fact to the determination of a board that does not exist. Workmen's Compensation cases cannot be indefinitely suspended, like Mahomet's coffin, awaiting the action of officials, etc., under section 402.

"What, then, is the practical effect of this inaction?

"The Pennsylvania Occupational Disease Act of 1939, like its prototypes, the Workmen's Compensation Act and the Occupational Disease Compensation Act

of 1937, makes the Workmen's Compensation Board the ultimate fact finding body (sections 418, 423 and 427), subject only to review by the courts as to whether its findings of fact are sustained by sufficient, competent evidence, and as to medical questions of fact, to the provision, (sec. 423), that the Workmen's Compensation Board shall accept the findings of the medical board as conclusive upon it. Until there is a medical board functioning under the act, this proviso or exception is in abeyance and the Workmen's Compensation Board can proceed as if there were no such provision in the act, and make its findings of fact with the same force and effect as if the provision cited from section 423 did not exist. The general authority conferred by the act is not affected by the qualifying provision respecting a non-existent board."

We feel we must give to the act the same effect as in that case.

In our judgment, making effective the provision of the law by the appointment of the medical board is analogous, as to effect, to an amendment of a statute.

While amendments which are purely remedial operate retroactively, and those which merely cause changes in the adjective or procedural law apply to all cases pending and subsequent to their enactment, whether the cause accrued prior to or subsequent to the time the change became effective, unless there is a saving clause as to existing litigation, or accrued causes of action, those amendments causing changes in the adjective or procedural law will not operate retrospectively so as to affect a proceeding entirely closed before the amendment became effective. So, too, proceedings instituted, orders made, and judgments rendered before the passage of the amendment will therefore not be affected by it, but will continue to be governed by the original statute: 59 C. J. 1183.

In Frost v. Los Angeles et al., 183 Pac. 342, 181 Cal. 22, the court refused to reverse a judgment because of an amendment enacted subsequent to rendition of the judgment in a lower court and prior to hearing on appeal.

And, in Dunlap v. United States, 43 F. (2d) 999, it was held that a change in rules of evidence in force at the time of trial by a subsequent amendment of the statute could not apply to rulings and admissibility of evidence at the trial.

In Barnet v. Barnet, 15 Sergeant & Rawle 72, an acknowledgment to a deed was defective because its contents were not made known to the wife. The court said (p. 73) :

"Since the judgment in this case in the court of common pleas, an act of assembly had been passed for curing defects in the acknowledgment of deeds by married women. Had this act been passed before the judgment below, it would have cured the defect above mentioned in the demandant's acknowledgment, and there would have been error in the court's opinion. It is our unanimous opinion . . . that it (this act of assembly) does not extend, by retrospect, to render a judgment erroneous, which was entered before its passage."

And In the Matter of the Division of Juniata Township, 31 Pa. 301, the court held that a report dividing the township which had been confirmed nisi was not affected by legislation passed thereafter and before its final confirmation. Lowrie, C. J., said (p. 302) :

"We must read the law consistently with the ordinary principles of legislation, so that it shall not amount to a reversal of judicial acts."

Here, the Workmen's Compensation Board, to whom the fact finding power had been delegated by the legislature, had concluded its work. It had fully decided the case before the medical board was appointed, and

therefore, we are without power to compel it to refer the case to the medical board.

We do, however, agree with defendants' second contention, namely, that the award must be modified. Section 204 of the Occupational Disease Act of June 21, 1939, P. L. 566, as amended by the Act of May 14, 1949, P. L. 1379, 77 PS §1304, provides, inter alia:

". . . That if the employe receives unemployment compensation benefits, such amount or amounts so received shall be credited as against the amount of the award made under the provisions of the occupational disease act."

Therefore, the payments received by claimant as unemployment compensation must be credited against the amount of this award.

Accordingly, we enter the following

*Order*

Now, November 27, 1951, the appeals are dismissed and judgment is directed to be entered in favor of claimant, Adam Slavitsky, and against the Glen Alden Coal Company and the Commonwealth of Pennsylvania; and they are directed to pay compensation to claimant at the rate of $20 per week beginning January 24, 1949, and continuing within the limits of the Occupational Disease Act but not to exceed the sum of $4,000.

The weekly payments of compensation shall be pro rated by defendants as follows: The Glen Alden Coal Company shall pay 90 percent of each installment, and the Commonwealth of Pennsylvania shall pay 10 percent of each installment. Interest shall be payable on deferred installments of compensation from the due date thereof.

Defendant, the Glen Alden Coal Company, is directed to pay Dr. Burgess Gordon, the impartial physician, the sum of $150.

### Amended Decision

Our attention has been called, by counsel for claimant, to the fact that unemployment compensation received by him from November 12, 1948, to January 24, 1949, was received prior to the enactment of the Act of May 14, 1949, P. L. 1379, which became effective July 1, 1949, 77 PS §1304.

No law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature: Statutory Construction Act, May 28, 1937, P. L. 1019, art. IV, sec. 56, 46 PS §556. This act provides that after July 1, 1949, the effective date, "if the employe receives unemployment compensation benefits," they shall be credited against the amount of the award. The legislature does not refer to any employe who shall have *received* such benefits. Therefore, such payments cannot be credited against his award because the Act of 1949, supra, is not retroactive.

Accordingly, we enter the following

### Amended Order

Now, November 30, 1951, the appeals are dismissed and judgment is directed to be entered in favor of claimant, Adam Slavitsky, and against the Glen Alden Coal Company and the Commonwealth of Pennsylvania; and they are directed to pay compensation to claimant at the rate of $20 per week beginning November 12, 1948, and continuing within the limits of the Occupational Disease Act but not to exceed the sum of $4,000.

The weekly payments of compensation shall be pro rated by defendants as follows: The Glen Alden Coal Company shall pay 90 percent of each installment, and the Commonwealth of Pennsylvania shall pay 10 percent of each installment. Interest shall be payable on deferred installments of compensation from the due date thereof.

Defendant, the Glen Alden Coal Company, is directed to pay Dr. Burgess Gordon, the impartial physician, the sum of $150.